IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| **Blanca Rodriguez,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:11-cv-479 |
| v. | § | |
| | § | |
| | § | |
| **Cerp Foods, Inc.** | § | |
| **d/b/a Kentucky Fried Chicken,** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Blanca Rodriguez, Plaintiff herein, complaining of Cerp Foods, Inc. d/b/a Kentucky Fried Chicken, hereinafter KFC, and for causes of action submits the following:

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq.

2. Jurisdiction is invoked pursuant to 28 USC § 1343(4) and 42 USC under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*

## PARTIES

3. At all times relevant to the facts of this case, Blanca Rodriguez was a minor and was an employee of Cerp Foods, Inc.  Plaintiff is an adult female citizen and resident of Collin County, Texas in the United States.

4. Defendant Cerp Foods Inc. is a Texas Corporation, fully licensed to do business in the state of Texas, and employs more than fifteen (15) regular employees.  Defendant's place of business, KFC Store #78, is located at 413 South Hwy. 78, Wylie, TX 75098.  Defendant may be served by serving its registered agent, Curtis Ransom, 10120 Monroe Dr., Dallas, Texas   75229.

## PROCEDURAL PREREQUISITES

5. Within the time required by law, Plaintiff filed a sworn charge of discrimination with the Equal Employment Opportunity Commission, charging that the Defendant had discriminated against her on the basis of her sex, and that Defendant entered a hostile work environment based on gender which forced plaintiff to terminate her employment.  On May 26, 2011 the EEOC issued a determination letter indicating that there is reasonable cause to believe that the respondent (Defendant Cerp Foods Inc.) violated Title VII of the civil rights act of 1964.   On June 19, 2011, the EEOC issued a right to sue letter; Plaintiff has filed suit within the time allowed.  All procedural prerequisites for the filing of this claim have been fulfilled.

## FACTS

6. The Plaintiff is now an adult. At the time, she was a seventeen year old female residing in Collin County in the State of Texas.  Blanca Rodriguez was employed with the defendant Cerp Foods Inc. from June 2009 through September 18, 2009. Blanca was employed as a cashier.

7. During her employment, Blanca Rodriguez was subjected to unwanted physical contact by a co-employee, Juan Peralta.  Juan Peralta threatened to get her fired unless she would have sex with him. Blanca Rodriguez's supervisors were Omar Gonzalez and Conrade Last Name Unknown (hereinafter, LNU).  During her employment she was subjected to verbal and sexual harassment.  Juan Peralta exposed himself to Blanca Rodriguez and other employees in the kitchen. He made inappropriate comments, advances towards Blanca, and lewd remarks. When Blanca protested about the conduct of Juan Peralta, Juan Peralta told her he would do something bad to her and her family.  No corrective action was taken by the managers.

8. On September 15th, 2009, Plaintiff and her father, Angel Rodriguez, spoke with the store manager Omar Gonzalez. The defendant failed to take appropriate action. When she attempted to return to work Blanca Rodriguez saw Juan Peralta's vehicle: she was forced to terminate her employment with Defendant.

9. Upon information and belief, Omar Gonzalez and Conrade LNU had knowledge of Juan Peralta's behavior and they failed to take appropriate corrective measures.

10. While Cerp Foods Inc. does have an anti-harassment policy there is reasonable cause to believe that the policy is not effective and that employees are either unaware of the policy requirements or elected to ignore them to such a degree that inappropriate conduct and unwelcome comments have pervaded the workplace.

11. Upon information and belief Omar Gonzalez and Conrade LNU failed to forward Plaintiff's and other employee's complaints to the corporate office.

12. Knowing that Cerp Foods Inc. d/b/a KFC had many underage employees the company was obligated to suit its procedures to the understanding of the underage employees.

13. The Defendant Cerp Foods Inc. is liable. Blanca Rodriguez's workplace was permeated with discriminatory intimidation and insults sufficiently severe and pervasive to alter the conditions of employment.

## CAUSES OF ACTION

14. Plaintiff incorporates, as if realleged, paragraphs 1 through 12.

15. By allowing an environment of harassment to continue, Defendant violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-5(f).

16. By forcing Blanca Rodriguez to terminate her employment, Defendant violated Title VII of the Civil Rights Act of 1964, 42 USC § 1997(d).

17. By failing to take the proper corrective actions to stop the sexual harassment in the workplace Defendant violated Title VII of the Civil Rights Act of 1964, 42 USC § 1997(d).

18. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this action for permanent injunction and other relief is her only means of securing adequate relief.  The plaintiff has suffered from the defendant's actions as stated above.

19. The defendant engaged in discriminatory practices with reckless indifference to the federally protected rights of an aggrieved individual 42 USC 1981 a(b)(1).

## DAMAGES

20. As a result of the foregoing, Plaintiff has suffered mental anguish and emotional distress, for which she seeks compensation from Defendant.

21. As a result of the foregoing, Plaintiff has incurred lost wages.  Plaintiff seeks recovery of lost wages as a result of the Defendant's wrongful conduct.

22. Plaintiff seeks punitive damages from Defendant.

## ATTORNEY FEES

23. Plaintiff has found it necessary to hire an attorney to file her claim.  Plaintiff hereby sues Defendant for her reasonable and necessary attorney's fees, pursuant to 42 U.S.C. §2000e-5(k) and under 29 U.S.C. §216(b).

## DEMAND FOR JURY TRIAL

24. Plaintiff demands, pursuant to FED.R.CIV.PRO. 38, trial by jury on all issues herein so triable.

## PRAYER FOR RELIEF

25. Wherefore, the plaintiff respectfully prays the court to advance this case on the docket, order a hearing at the earliest practical date, and upon such hearing to:

    a. Grant the plaintiff an order requiring the defendant to pay lost wages in an amount equal to what she would have earned while unemployed.

    b. Grant the plaintiff an order requiring the defendant to pay front pay, an amount equal to two years at the salary level she earned.

    c. Award the plaintiff compensation for her severe mental anguish

    d. Award the plaintiff the costs of this action including reasonable attorneys fees, liquidated damages, prejudgment interest and

    e. Award such other and further relief that this court may deep just, proper and equitable

Respectfully Submitted,

LAW FIRM OF BARRETT W. STETSON

/s/ Barrett W. Stetson
BARRETT W. STETSON, SBN 19178300
THOMAS P. MOYNIHAN, SBN 00788089
2929 Carlisle, Suite 360
Dallas, Texas 75204
Telephone:  (214) 220-9090
Facsimile :  (214) 220-9112
**ATTORNEY FOR THE PLAINTIFF**